**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | | |
|---|---|---|
| PHILIP SPRANDO, derivatively on behalf of INTERNATIONAL GAME TECHNOLOGY, | ) ) ) ) | 3:10-cv-00415-ECR-VPC |
| Plaintiff, | ) ) | **Order** |
| vs. | ) ) | |
| PATTI S. HART, et al., | ) ) | |
| Defendants. | ) ) | |
| and | ) ) | |
| INTERNATIONAL GAME TECHNOLOGY, | ) ) | |
| Nominal Defendant. | ) ) ) | |

Now pending are a motion to dismiss (#33) filed by Nominal Defendant International Game Technology ("IGT" or "Nominal Defendant IGT", and a motion to dismiss (#31) filed by the individual Defendants Paget L. Alves, Robert A. Bittman, Richard R. Burt, Patrick W. Cavanaugh, Anthony Ciorciari, Patti S. Hart, Leslie S. Heisz, Robert A. Mathewson, Thomas J. Matthews, Robert Miller, Stephen W. Morro, Richard Pennington, David E. Roberson, Philip G. Satre, and Daniel R. Siciliano (collectively, "Individual Defendants").

///
///

## I. Background

On July 9, 2010, Plaintiff Philip Sprando ("Plaintiff") filed a shareholder derivative complaint for violations of federal securities laws and claims for breach of fiduciary duty, waste of corporate assets, and unjust enrichment.

On September 27, 2010, Individual Defendants filed a motion to dismiss (#31). On October 29, 2010, Plaintiff filed his response (#43) to Individual Defendants' motion to dismiss (#31). On November 16, 2010, Individual Defendants filed their reply (#46) in support of their motion to dismiss (#31).

On September 27, 2010, Nominal Defendant IGT filed its motion to dismiss (#33). On October 29, 2010, Plaintiff filed his response (#41) to IGT's motion to dismiss (#33). On November 16, 2010, IGT filed its reply (#45) in support of its motion to dismiss (#33).

## II. Motion to Dismiss Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will only be granted if the complaint fails to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (clarifying that Twombly applies to pleadings in "all civil actions"). Courts engage in a two-step analysis in ruling on a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). First, courts accept only non-conclusory allegations as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

1  statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).
2  Federal Rule of Civil Procedure 8 "demands more than an unadorned,
3  the-defendant-unlawfully-harmed-me accusation." Id.  Federal Rule
4  of Civil Procedure 8 "does not unlock the doors of discovery for a
5  plaintiff armed with nothing more than conclusions." Id. at 1950.
6      On a motion to dismiss, except where a heightened pleading
7  standard applies, "we presum[e] that general allegations embrace
8  those specific facts that are necessary to support the claim."
9  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (quoting
10 Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990)) (alteration
11 in original); see also Erickson v. Pardus, 551 U.S. 89, 93 (2007)
12 (noting that "[s]pecific facts are not necessary; the statement need
13 only give the defendant fair notice of what the . . . claim is and
14 the grounds upon which it rests.") (internal quotation marks
15 omitted).  Moreover, "[a]ll allegations of material fact in the
16 complaint are taken as true and construed in the light most
17 favorable to the non-moving party."  In re Stac Elecs. Sec. Litig.,
18 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).
19     Although courts generally assume the facts alleged are true,
20 courts do not "assume the truth of legal conclusions merely because
21 they are cast in the form of factual allegations." W. Mining
22 Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Accordingly,
23 "[c]onclusory allegations and unwarranted inferences are
24 insufficient to defeat a motion to dismiss." In re Stac Elecs., 89
25 F.3d at 1403 (citation omitted).
26     Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is
27 normally limited to the complaint itself.  See Lee v. City of L.A.,
28

3

250 F.3d 668, 688 (9th Cir. 2001). If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. FED. R. CIV. P. 12(d); see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment." Ritchie, 342 F.3d at 908.

If documents are physically attached to the complaint, then a court may consider them if their "authenticity is not contested" and "the plaintiff's complaint necessarily relies on them." Lee, 250 F.3d at 688 (citation, internal quotations, and ellipsis omitted). A court may also treat certain documents as incorporated by reference into the plaintiff's complaint if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." Ritchie, 342 F.3d at 908. Finally, if adjudicative facts or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss. Id. at 909; see FED. R. EVID. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

### III. Discussion

#### A. Contemporaneous Ownership Requirement

In a shareholder derivative case, Federal Rule of Civil Procedure 23.1 provides that a complaint must "allege that the plaintiff was a shareholder or member at the time of the transaction complained of," which the Ninth Circuit interprets as requiring that "a derivative plaintiff be a shareholder at the time of the alleged wrongful acts and that the plaintiff retain ownership of the stock for the duration of the lawsuit." Lewis v. Chiles, 719 F.2d 1044, 1047 (9th Cir. 1983). This rule is referred to as the "contemporaneous ownership" requirement for derivative shareholder suits. Id.

A plaintiff who fails to satisfy the contemporaneous ownership requirement lacks standing to bring a shareholder derivative suit. In his complaint, Plaintiff alleged only that he "was a shareholder of IGT at the time of the continuing wrong complained of and remains a shareholder." (Compl. ¶ 15 (#1).) Courts have found that such generalized pleading, absent any facts indicating when Plaintiff purchased his shares, fails to comply with Rule 23.1's procedural requirements. See, e.g., In re Sagent Technology, Inc., Derivative Litigation, 278 F. Supp. 2d 1079, 1096 (N.D. Cal. 2003) ("the complaint must indicate when plaintiffs bought stock in Sagent, and must state that they have owned stock continuously since the date of the filing of the lawsuit").

While the complaint (#1) does not contain sufficient information regarding when Plaintiff acquired stock in IGT, Plaintiff's brief in opposition to IGT's motion to dismiss (#33)

5

1  concedes that Plaintiff did not acquire IGT stock until April 30,
2  2008. (Pl's Opp. to IGT's Mot. to Dismiss at 12 (#41).)  The
3  complaint (#1), however, is largely based on alleged wrongdoing that
4  occurs before April 30, 2008.  For example, the complaint (#1)
5  alleges that Defendants issued misleading statements beginning in
6  2007.  Very few of the allegations concerning wrongdoing occur after
7  April 30, 2008, the date that Plaintiff became a shareholder of IGT.
8       Plaintiff, however, argues that the "continuing wrong" doctrine
9  excuses his failure to satisfy the contemporaneous ownership
10 requirement.  Plaintiff finds support for its position in an
11 unpublished district court case allowing a shareholder to bring
12 derivative claims based on a series of allegedly false and
13 misleading statements. See Bilunka v. Sanders, 1994 WL 447156 (N.D.
14 Cal. March 1, 1994).  In Bilunka, the court explained that the
15 "'continuing wrong exception' to the contemporaneous ownership
16 requirement applies where the alleged wrong commenced before the
17 stock acquisition 'but was continuing and not executed and final
18 until sometime after plaintiff acquired his stock.'" Id. at *2
19 (quoting Brambles U.S.A. Inc. v. Blocker, 731 F. Supp. 643 (D. Del.
20 1990).  We are unable to find support in this Circuit that the
21 continuing wrong exception is applicable.  Other Courts of Appeal
22 that have considered the case construe the exception narrowly.  The
23 Court of Appeals for the Second Circuit stated that "a proper
24 plaintiff must have acquired his or her stock in the corporation
25 before the core of the allegedly wrongful conduct transpired." In
26 re Bank of New York Derivative Litigation, 320 F.3d 291, 298 (2d
27 Cir. 2003); see also Blasband v. Rales, 971 F.2d 1034, 1046 (3d Cir.
28

6

1992) ("federal courts generally have rejected the contention that the entire series of events constitutes a single transaction–the so-called 'continuing wrong' notion–entitling plaintiff to bring suit for injuries suffered by the corporation subsequent to plaintiff's acquisition of stock.") (quoting 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 1828, at 65 (2d ed. 1986)).

Therefore, under the facts of this case, even were we to excuse Plaintiff's failure to allege with specificity the date on which he became a shareholder of IGT, Plaintiff would fail to satisfy the contemporaneous ownership requirement of Rule 23.1, and therefore lacks standing to bring a shareholder derivative suit almost entirely based on alleged acts that occurred prior to his stock ownership.

**B. Pre-Suit Demand Requirement**

Nominal Defendant IGT also contends that Plaintiff's complaint must be dismissed because Plaintiff has not shown that his demand on IGT's directors was wrongfully refused.

In the complaint (#1), Plaintiff alleges that on October 7, 2009, Plaintiff made a demand on IGT's Board of Directors to investigate, address, and remedy the harm inflicted on IGT as a result of the wrongdoing Plaintiff complains of in his suit. (Compl. ¶ 2 (#1).)  Plaintiff further alleges that the demand letter outlined the evidence of mismanagement and specific instances of improper statements, and the damage caused to IGT. (Id.)  Plaintiff then states that "[o]ver the course of months, the Board failed to take any meaningful action to address Plaintiff's demand or repair

7

1  the significant damage done to the Company as a result of the
2  wrongdoing described below.  Therefore, plaintiff was forced to file
3  this demand refused/ignored action."  (Id.)
4      IGT further supplements Plaintiff's allegations with evidence
5  of correspondence between Plaintiff and IGT throughout the period
6  between Plaintiff's demand and the filing of this action.  Plaintiff
7  does not claim that the correspondence IGT supplies is false or
8  incomplete.  Nor does the correspondence contradict any factually-
9  supported allegations in the complaint, although it is at odds with
10 Plaintiff's conclusory statement that the Board "failed to take any
11 meaningful action."  Therefore, we will consider the correspondence
12 in this motion to dismiss in order to better judge whether Plaintiff
13 has standing to bring this suit by fulfilling the pre-suit demand
14 requirement for shareholder derivative actions.
15      It appears that in response to Plaintiff's initial demand
16 letter, David D. Johnson ("Johnson") sent Plaintiff a response
17 stating that the Board of Directors will consider the matter in
18 December of 2009. (Decl. of Nikki Stitt Sokol, Ex. 1 (#34-1).)
19 Thereafter, Robert C. Melendres ("Melendres") contacts Plaintiff to
20 state that correspondence between November 2009 and March 2010 had
21 been misplaced, perhaps due to Johnson leaving IGT.  (Id. Ex. 3
22 (#34-3).)  Melendres informs Plaintiff that his materials will be
23 forwarded to the Board of Directors.  (Id.)  On April 23, 2010,
24 Philip G. Satre ("Satre"), the Chairman of IGT's Board of Directors,
25 sent Plaintiff a letter stating that he has been asked to review the
26 demand and to report back to the Board of Directors with a
27 recommendation. (Id. Ex. 4 (#34-4).) Satre then requests that
28

8

1 Plaintiff attend a meeting to discuss any information or evidence
2 supporting Plaintiff's allegations.  (Id.)  Plaintiff does not
3 dispute that he did not comply with Satre's request to meet, but
4 rather, initiated this action in July 2010.
5     Rule 23.1 requires a "shareholder bringing a derivative lawsuit
6 to plead with particularity that the shareholder made a pre-suit
7 demand on the corporation and that the corporation wrongfully
8 refused to act."  Lucas v. Lewis, 2011 WL 1453834 at *1 (9th Cir.
9 April 15, 2011).  We do not find that Plaintiff has satisfied this
10 requirement, notwithstanding his conclusory allegation in the
11 complaint.  The undisputed history of correspondence between the
12 Board of Directors and Plaintiff suggests that while there may not
13 have been immediate action, the Board of Directors was in contact
14 with Plaintiff and continuously providing indication that it was
15 aware of, and attempting to rectify, the alleged wrongdoing brought
16 to its attention by Plaintiff's demand request.  Therefore,
17 Plaintiff has failed to comply with Rule 23.1's pre-suit demand
18 requirement and his action must be dismissed.
19     While Plaintiff's failure to comply with the contemporaneous
20 ownership requirement may have been corrected by an amended
21 complaint pleading wrongdoing more relevant to the period in which
22 he owned stock in IGT, Plaintiff's failure to show that his demand
23 on the Board of Directors was wrongfully refused cannot be remedied
24 by an amended complaint, and therefore, Plaintiff's suit must be
25 dismissed in its entirety with prejudice.
26 ///
27 ///
28

9

## IV. Conclusion

Plaintiff's suit must be dismissed with prejudice because Plaintiff has failed to comply with the pre-suit demand requirement contained in Federal Rule of Civil Procedure 23.1. Plaintiff also lacks standing because he cannot fulfill the contemporaneous ownership requirement in Rule 23.1.

**IT IS, THEREFORE, HEREBY ORDERED** that Nominal Defendant IGT's motion to dismiss (#33) is **GRANTED** without leave to amend.

**IT IS FURTHER ORDERED** that Individual Defendants' motion to dismiss (#31) is **DENIED** as moot.

The Clerk shall enter judgment accordingly.

DATED: July 22, 2011.

_____
UNITED STATES DISTRICT JUDGE

10